UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

RAMON ANDERSON

CRIMINAL ACTION

NO.: 11-00096-BAJ-RLB
NO.: 11-00147-BAJ-RLB

RULING AND ORDER

Before the Court is the **Motion to Vacate (Doc. 95)** filed by Petitioner Ramon Anderson. Petitioner requests that the Court vacate his sentence in light of *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's ("ACCA"), 18 U.S.C. § 924(e), residual clause is unconstitutionally vague. For the following reasons, the **Motion to Vacate (Doc. 95)** is **DENIED**.

I.  BACKGROUND

On July 10, 2012, in Case No. 11-cr-96, Petitioner pled guilty to failure to register as a sex offender under 18 U.S.C. § 2250(a). (Doc. 40). On June 12, 2012, in Case No. 11-cr-147, after a jury trial, Petitioner was found guilty of felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (Doc. 63). On March 12, 2013, the Court sentenced Petitioner to a term of imprisonment of 84 months in Case. No. 11-cr-96 and in Case No. 11-cr-147, to run concurrently. (Doc. 80 at p. 3). On June 24, 2016, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, in which he argued that the Court should vacate his sentence on the basis of the *Johnson* decision. (Doc. 95).

On September 11, 2017, the Court ordered the United States to respond to Petitioner's motion. (Doc. 98). Thereafter, the United States filed a response. (Doc. 99).

## II. LEGAL STANDARD

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court to vacate, set aside or correct his sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four grounds on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.*

## III. DISCUSSION

In 2015, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague and therefore "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S.Ct. at 2563. In *Welch v. United States*, 576 U.S. ——, 165 S.Ct. 1257, 1268 (2016), the Supreme Court also held that *Johnson* applies retroactively on collateral review. Obviously, the ruling in *Johnson* is only applicable to those defendants who were sentenced as armed career criminals.

Petitioner argues that the Court should vacate his sentence because he was sentenced under the residual clause of the ACCA. (Doc. 95 at pp. 1–2). Petitioner avers that he is entitled to relief from his alleged sentencing enhancement under both

§§ 2k2.1(a)(4)(A) and 4B1.4(b)(3)(B), of the United States Sentencing Guidelines. (*Id.*). The United States argues that *Johnson* is inapplicable because the Court did not sentence Petitioner as an armed career criminal. (Doc. 99 at p. 2). The United States further asserts that at sentencing, both the United States and counsel for Petitioner agreed that Petitioner did not qualify as an armed career criminal as defined in 18 U.S.C. § 924(e). (*Id.*).

The Court agreed and determined that Petitioner did not meet the requirements of 18 U.S.C. § 924(e). (Doc. 81 at p. 1). The Court also found that there was not enough evidence to support the imposition of the armed criminal enhancement as suggested in the presentence investigation report.[1] (*Id.*). Thus, Petitioner is not entitled to *Johnson* relief because *Johnson* only applies to offenders sentenced under the ACCA. Petitioner's motion to vacate is denied. Additionally, Petitioner's Motion to Appoint Counsel (Doc. 95 at ¶ 7) is denied because there is no constitutional right to counsel in § 2255 proceedings. *See United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993).

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the **Motion to Vacate Under 28 U.S.C. §2255 (Doc. 95) is DENIED.**

---

[1] The Presentence Investigation Report recommended a Chapter Four Enhancement for the reason that "[t]he offense of conviction is a violation of 18 U.S.C. § 922(g), and the [D]efendant has three prior convictions for violent felonies, which were committed on different occasions." (Doc. 68 at p. 9). However, following the receipt of evidence into the record, the Court concluded that the enhancement could not apply. (Doc. 81 at p. 1).

3

IT IS FURTHER ORDERED that the **Motion to Appoint Counsel (Doc. 95 at ¶ 7)** is **DENIED**.

IT IS FURTHER ORDERED that the **Motion for Rebecca L. Hudsmith to Withdraw (Doc. 74) (11-cr-96)** is **GRANTED**.

Baton Rouge, Louisiana, this 13th day of November, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA